Filed 5/26/23 Patkins v. Piantini CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| DAVID C. PATKINS, | |
| Plaintiff and Appellant, | E077938 |
| v. | (Super.Ct.No. CIVDS1504254) |
| REBECA PIANTINI, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County. Brian S. McCarville, Judge. Affirmed.

David C. Patkins, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

1

This opinion constitutes this court's third time addressing this case.[1]  In the last appeal, we affirmed the trial court's denial of the request of plaintiff and appellant David C. Patkins (Plaintiff) for entry of a default judgment against defendant and respondent Rebeca Piantini, M.D. (Defendant), but reversed the dismissal of the case due to a lack of notice that dismissal would be considered at the default prove-up hearing.

Upon remand, the trial court issued an order to show cause re:  dismissal. Plaintiff moved for the appointment of counsel or an expert in the field of neurology. The trial court denied the motion and dismissed the case.  In the instant appeal, Plaintiff contends the trial court erred by not considering the required factors for his motion and by not granting him leave to amend.  We affirm the judgment.

## PROCEDURAL HISTORY

A.    CRIMINAL CASE

In 2002, in Riverside County Superior Court, a jury found Plaintiff guilty of second degree murder (Pen. Code, § 187) and child abuse resulting in death (Pen. Code, § 273a).[2]  Defendant is a forensic pediatrician, who wrote a medical report concluding the six-month-old victim died of "abusive head trauma"; she also testified at Plaintiff's preliminary hearing and criminal trial.

---

[1] The first opinion was *Patkins v. Piantini* (Sept. 7, 2017, E065666) [nonpub. opn.] [2017 WL 3909118].  The second opinion was *Patkins v. Piantini* (Dec. 16, 2020, E073358) [nonpub. opn.] [2020 WL 7383441].

[2] In 2003, this court affirmed the judgment in Plaintiff's criminal case. (*People v. Patkins* (Nov. 19, 2003, E032757) [nonpub. opn.] [2003 WL 22719316].)

B.    CIVIL PROCEEDINGS AND THE FIRST APPEAL

In March 2015, Plaintiff sued Defendant for (1) fraud; (2) intentional infliction of emotional distress; and (3) violations of the Business and Professions Code (Bus. & Prof. Code, §§ 2230.5, subd. (C), 22343 subds. (d) & (e), 2262).  Plaintiff alleged that Defendant attended the victim's autopsy and, by means of fraud, affected the San Bernardino County deputy medical examiner's conclusion concerning the victim's cause of death.  Plaintiff asserted the autopsy findings did not support abusive head trauma as the victim's cause of death; however, because of Defendant's fraud, abusive head trauma was listed as the victim's cause of death.

In September 2015, Plaintiff requested entry of a default judgment against Defendant.  The trial court denied Plaintiff's request and dismissed the case with prejudice.  Plaintiff appealed.  In September 2017, this court affirmed the denial of the request for a default judgment but reversed the dismissal of the case.  The dismissal was reversed because there was no notice given to Plaintiff that the case might be dismissed, e.g., an order to show cause why the case should not be dismissed.

C.    FIRST REMAND AND SECOND APPEAL

In December 2017, Plaintiff filed a first amended complaint (FAC).  In October 2018, a trial court clerk entered Defendant's default.  In July 2019, during a default prove-up hearing, the trial court denied Plaintiff's request for a default judgment and dismissed the case with prejudice.

3

Plaintiff appealed, and, in December 2020, this court affirmed the order denying Plaintiff's request for a default judgment but reversed the dismissal of the case. In our 2020 opinion, we explained that a default judgment cannot be entered if the complaint fails to state a cause of action. We then examined whether the FAC set forth a properly pled cause of action. We explained in detail the problems with Plaintiff's FAC and concluded that the FAC did not set forth a properly pled cause of action. Specifically, we concluded that the FAC failed to allege facts indicating that Defendant's opinion was false or based on non-existent facts. We explained that the material facts of the FAC reflected that Plaintiff was suing Defendant for expressing her opinion. However, we reversed the dismissal because Plaintiff was not notified that the case might be dismissed at the default prove-up hearing.

D.    SECOND REMAND

In May 2021, the trial court issued an order to show cause re: dismissal (the OSC). In June 2021, Plaintiff moved for the appointment of counsel or an expert in neurology. In the motion, Plaintiff asserted that he presented a prima facie case in support of his FAC, but he was being denied a default judgment due to a lack of expert testimony, which he was unable to afford.

In August 2021, in Plaintiff's response to the OSC, he asserted that he was being denied access to the court due to his inability to afford an expert. Plaintiff contended Mary S. Genevieve, M.D., a neurologist, was willing to work on Plaintiff's case, but she would only work with Plaintiff through a lawyer for Plaintiff, which he did not have. In

4

September 2021, at the hearing on the OSC, the trial court denied Plaintiff's motion for appointment of counsel or an expert and dismissed the case with prejudice.

**DISCUSSION**

A.    THREE-STEP ANALYSIS

Plaintiff contends the trial court erred by failing to conduct the required three-step inquiry for analyzing an indigent plaintiff's request for counsel or an expert.

"Under California law, the appointment of counsel for an indigent prisoner pursuing a civil action is an aspect of the right of access to the courts." (*Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 465 (*Smith*).) "[T]he choice of measures to safeguard a prisoner's right, as a plaintiff or defendant, to meaningful access to the courts to prosecute a civil action is committed to the trial court's discretion." (*Id.* at p. 468.)

"The exercise of a trial court's discretion is guided by a three-step inquiry . . . . [Citations.] First, the trial court determines whether the prisoner is indigent. Second, the court determines whether the lawsuit involves a bona fide threat to the inmate's personal or property interests. If both conditions are satisfied, the trial court must consider the measures available to protect [the] appellant's right of meaningful access to the courts, including the appointment of counsel. Where the indigent prisoner's civil action is bona fide and his or her access to the court is being impeded, a trial court must provide a remedy; it may not choose to do nothing." (*Smith*, *supra*, 38 Cal.App.5th at p. 458.)

5

The record on appeal includes a minute order of the trial court's ruling that reads in relevant part, "Oral argument presented by plaintiff in opposition to the Court's tentative to dismiss the matter. [¶] After Argument, [¶] [t]he Court's tentative becomes the ruling[.] [¶] . . . [¶] Plaintiff's request for Appointment of Counsel, appointment of Expert, and investigator is denied." The minute order from the hearing on the OSC reflects that a court reporter reported the hearing. However, the record does not include a reporter's transcript. Also, the record does not include the tentative ruling that became the final ruling.

It is Plaintiff's burden to provide this court with a sufficient record to analyze the issues raised on appeal, and he failed to meet that burden. Without a reporter's transcript or a reasoned written decision, we cannot know what factors the trial court considered. In other words, we have no means of knowing whether the trial court conducted the three-step inquiry. Therefore, Plaintiff cannot prevail on this issue.[3] (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

---

[3] To the extent Plaintiff might argue that he was unable to obtain a reporter's transcript due to the expense of the transcript (Cal. Rules of Court, rule 8.130(a)(4)), he could have submitted a settled statement to describe the oral proceedings in the trial court (Cal. Rules of Court, rules 8.130(h) & 8.137).

B.     LEAVE TO AMEND

Next, Plaintiff contends the trial court erred by denying him leave to amend the FAC in order "to cure any defect—if any[4]—within admitted bona-fide and well 'pleaded' " allegations.  Plaintiff bears the burden of explaining how he could amend the FAC to state a cause of action.  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890; *Total Call Internat. Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166.)

In Plaintiff's brief in lieu of oral argument, he asserted there are additional allegations he could set forth if permitted to amend.  The allegations pertain to an unpublished appellate opinion, *People v. Cruz* (Jan. 26, 2010, D055497) [nonpub. opn.] [2010 WL 292676].  Plaintiff contends the *People v. Cruz* opinion involves allegations similar to the instant case in that, in *Cruz,* Defendant "again commits the same intentional material misrepresentations."  The *Cruz* opinion concerns whether the trial court erred by permitting the prosecutor to present rebuttal evidence when the defense did not have time to secure a surrebuttal expert witness.  (*Id.* at pp. *8-9.)  Given that *Cruz* is not focused on alleged fraud by Defendant, we fail to see how citations to *Cruz* could cure the omissions in the FAC.

Plaintiff asserts this court was incorrect in our prior holding that the FAC failed to state a cause of action.  Plaintiff asserts, "This court refuses to acknowledge the material context, or factual basis, of Def's injuries [*sic*] are different from <u>every</u> other

---

**4** In our last opinion in this case, we concluded that the FAC failed to state a cause of action.

7

expert interpretation in this case." The issue is not whether Defendant's opinion is different from every other expert's opinion. The issue is whether Plaintiff can sufficiently allege that Defendant implied a non-existent factual basis for her opinion. (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 893 (*Jolley*).) In other words, Plaintiff incorrectly focuses on other experts allegedly disagreeing with Defendant, when the relevant issue is whether Defendant incorrectly presented the information underlying her opinion. For example, whether Defendant asserted or implied a bone was broken when it was not actually broken. The focus should be on Defendant's opinion and the medical records—not Defendant's opinion and other experts' opinions.

Plaintiff contends that the deputy medical examiner who conducted the autopsy, Steven Trenkle, M.D., "<u>never</u> 'agreed' [that] the facts that 'underlie' Def's [shaken baby syndrome] diagnosis exist." The issue is not whether Trenkle agreed to the same set of facts as Defendant. Typically, a trial is necessary because people have different views of the facts. Thus, a disagreement about the facts is to be expected at a trial. The relevant issue is whether Defendant implied the existence of facts that no one could reasonably think existed when giving her opinion. For example, if Defendant implied a bone was broken when no medical record indicated that bone was broken. (*Jolley*, *supra*, 213 Cal.App.4th at p. 893.)

Plaintiff asserts that at the preliminary hearing and trial, Defendant relied upon "two different and irreconcilable sets of facts." Whether Defendant contradicted herself

8

is not the relevant issue. The pertinent issue is whether, when Defendant gave her opinion, she implied the existence of non-existent facts.

In sum, Plaintiff has failed to demonstrate that he should have been granted leave to amend.[5]

## DISPOSITION

The judgment is affirmed. Plaintiff is to bear his own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
Acting P. J.

We concur:

CODRINGTON_____
J.

FIELDS_____
J.

---

[5] Plaintiff's August 8, 2022, request for judicial notice is denied.